UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

ESTATE OF RYAN L. CLARK,

    Plaintiff,

    v.                                  Case No. 14-C-1402

COUNTY OF GREEN LAKE,
CORRECTIONAL HEALTHCARE COMPANIES INC.,
HEALTH PROFESSIONALS LTD.,
TINA KUEHN, BRUCE WALKER,
LIZ PFLUM, STEVEN SCHOENSCHECK,

    Defendants.

---

ORDER DENYING DEFENDANTS' RULE 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO STAY LAWSUIT PENDING THE RESOLUTION OF MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF QUALIFIED IMMUNITY (DOC. 48), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AS TO THE MONELL CLAIM AND DISMISSAL OF PFLUM BUT DENYING REQUEST TO INCLUDE ADDITIONAL ALLEGATIONS AGAINST KUEHN (DOC. 49), DENYING DEFENDANTS' MOTION TO DISMISS ON THE BASIS OF QUALIFIED IMMUNITY (DOC. 42), SETTING ORAL ARGUMENT ON DEFENDANTS' SUMMARY JUDGMENT MOTION (DOC. 42), AND APPROVING STIPULATION REGARDING SCHEDULE FOR DISCLOSURE OF EXPERT REPORTS

       This case comes before this court on defendants Green Lake County, Bruce Walker, Liz Pflum and Stephen Schoenscheck's motion to stay this lawsuit pending the resolution of their summary judgment motion and plaintiff's motion to amend the complaint. Earlier, this court set a June 8, 2015, deadline for amending pleadings and a discovery deadline of March 6, 2016. Subsequently, the County defendants (Green Lake, Walker, Pflum and Schoenscheck) filed a motion to dismiss or alternatively for summary judgment based on qualified immunity. After multiple extensions of the briefing schedule, the parties filed a stipulation requesting that the motion to dismiss be withdrawn because a "great deal of

discovery" had been exchanged and summary judgment appeared to be the appropriate course. (Doc. 41.)

Next, the County defendants filed a motion asking that all discovery be stayed pending resolution of the summary judgment motion and plaintiff sought leave to amend. For the reasons set forth below, the court will deny the stay, grant the motion to amend in part, and set this case for oral argument.

As an initial matter, the County defendants seek to stay further proceedings in their lawsuit pending the resolution of their summary judgment motion. They submit that further discovery would be inappropriate, unduly burdensome, expensive, and wasteful because there is no preexisting case law dictating a clearly established right to proper implementation of adequate suicide prevention protocols. *See Taylor v. Barkes*, 135 S. Ct. 2042, 2045 (2015). Indeed, "[t]he basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). It is for this reason that the Supreme Court has instructed that trial courts should decide the legal issue of qualified immunity in § 1983 cases before allowing discovery. *Landstrom v. Illinois Dept. Of Children and Family Services*, 892 F.2d 670, 674 (7th Cir.1990).

Nevertheless, the parties appeared for the scheduling conference, agreed to the discovery and motions deadlines, and proceeded with discovery prior to defendants seeking dismissal on the ground of qualified immunity. The County defendants filed their alternative motions on July 27, 2015. Only after "a great deal of discovery" had been conducted and after the parties had made the decision to proceed with summary judgment did the County defendants move to stay further discovery. Notably, the motion to stay was filed after the

2

County defendants served their discovery responses to plaintiff's written discovery requests and prior to the production of any responsive documents requested by plaintiff. At this stage, the discovery deadline is two weeks away and the parties appear to have reached an agreement regarding the remaining depositions that must be conducted. Hence, there is no reason to further delay the proceedings.

Also, plaintiff seeks leave to amend the complaint for the purpose of removing Liz Pflum as a defendant, clarifying the claims against Tina Kuehn, and adding a *Monell* claim against Green Lake County. Defendants Correctional Healthcare Companies (CHC), Health Professionals, Ltd. (HP), and Kuehn only oppose the amendment to the extent it seeks to clarify allegations against Kuehn. The County defendants oppose the addition of the *Monell* claim because it would be futile.

Generally, a motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2). That rule provides that courts "should freely give leave when justice so requires." *See also Soltys v. Costello*, 520 F.3d 737, 742–43 (7th Cir. 2008) (discussing the standard). However, under Rule 16 district courts are generally required to issue scheduling orders as soon as practicable and to set deadlines for filing amended pleadings. Fed. R. Civ. P. 16(b)(2) and (3). Because plaintiff was required to file the motion by June 8, 2015, the court applies the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2).

The primary consideration for the courts in determining good cause is the diligence of the parties. *Alioto v. Town of Lisbon*, 651 F.3d 715 (7th Cir. 2011). Plaintiff's counsel explains that discovery was conducted after the deadline for amending the pleadings, and that the County defendants failed to respond to its discovery requests until December 5,

3

2015. When the motion to amend was filed, plaintiff had still not received the documents it was seeking. Those documents included the County suicide prevention training materials, the County written policy regarding monitoring of special needs cell, training materials regarding the use of the Spillman suicide assessment, and the Administrative Review conducted by the Office of Detention Facilities. Counsel adds that he anticipated that the documents would confirm that a *Monell* claim should be added.

Defendants CHC, HP, and Kuehn assert that there is no showing of good cause respecting new allegations against Kuehn or Correctional Healthcare Companies. Plaintiff deposed Kuehn in June and front line jail employees in September. According to these defendants, the proposed amendment could have been made any time after September 2015. Instead, the motion was filed six months after the deadline for amending and deposition of Kuehn. Plaintiff does not assert that CDC, HP or Kuehn failed to comply with discovery requests and will not speculate whether the delay by the County defendants had an impact on plaintiff's ability to amend its allegations with respect to Kuehn. Without the benefit of a reply brief and finding nothing to support the request in the initial motion, the court is not satisfied that good cause has been established in support of amending the complaint as to Kuehn..

Having found the requisite diligence as to the County defendants, the only remaining issue is whether the addition of the *Monell* claim is futile. An amendment is considered futile if it could not defeat a motion to dismiss for failure to state a claim or for lack of jurisdiction. *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir.1997) (standard for determining whether a proposed amended complaint would be futile "is the same standard of legal sufficiency that applies under Rule 12(b)(6)"). The County

4

defendants argue that it is futile because it is contrary to the facts of the case as developed in discovery, the proposed amended complaint fails to show a causal link between any alleged custom or practice on the part of the County or Clark's death "let alone evidence sufficient to support the proposition that the County had a custom or practice that caused Clark's death that was itself unconstitutional," and the pending summary judgment supports dismissal of the proposed *Monell* claim.

At this stage, the court is not concerned with the sufficiency of the evidence but rather the sufficiency of the allegations. To state a *Monell* claim, the plaintiff must plead factual content that would allow the court to draw a reasonable inference that: (1) Ryan Clark suffered the deprivation of a constitutional right; and (2) that an official custom or policy of the City caused that deprivation. *McCauley City of City of Chicago*, 671 F.3d 611, 615-616 (7th Cir. 2011); *Monell v. Dep't of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978), 436 U.S. at 694–95, 98 S. Ct. 2018.

Paragraph 484 asserts that the "Green Lake County Jail had a regular practice and policy of permitting its correctional officers to disregard the fact that an inmate was rated as a maximum suicide risk on the Spillman admission risk assessment. Additionally, proposed paragraph 504 states that "[d]efendant Green Lake County maintained a policy, custom, or practice of deliberate indifference to the serious medical needs of inmates at the Green Lake County Jail, including Ryan Clark, in violation of Mr. Clark's rights protected by the Eight Amendment to the United States Constitution." (Doc. 49-1 ¶ 504.) While the complaint and proposed amended complaint allege that the Green Lake County Jail had a policy and procedure that required staff to make referrals of inmates deemed to be suicide risks, the complaint further alleges that there was a regular unwritten policy of disregarding

5

a maximum suicide risk on the Spillman admission risk assessment. Disregarding those factors as alleged in proposed paragraph 434 plausibly caused the constitutional violation asserted. While the County defendants may produce evidence that this is not so, that inquiry is not for consideration at this time. Now, therefore,

IT IS ORDERED that the County defendant's motion to stay (Doc. 48) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to amend (Doc. 49) is granted in part. Plaintiff may file a first amended complaint within ten days of the date of this order dismissing Pflum and adding a *Monell* claim as proposed. However, plaintiff's motion is denied with respect to any new allegations against Kuehn.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Doc. 42) is denied because the motion requires consideration of evidence outside of the pleadings. Oral argument on defendants' summary judgment motion is scheduled for May 31, 2015, at 2:00 p.m. in Courtroom 222.

IT IS FURTHER ORDERED that the stipulation regarding the schedule for disclosure of expert reports is approved. Because the court has denied the motion to stay proceedings, counsel shall confer to propose a new schedule regarding the disclosure of expert witnesses.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2016.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE