# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

Estate of Ryan Clark

    v.                  Case No. 14-cv-1402-LA

Green Lake County, et al.,

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR SANCTIONS AGAINST DEFENDANT
GREEN LAKE COUNTY FOR FAILURE TO COMPLY WITH RULE 30 (b)(6)**

## Introduction

The Plaintiff asserts that the Defendant Green Lake County, in response to a Rule 30 (b)(6) Notice of Deposition, produced only one witness, Lori Evans, as its representative, and she was neither knowledgeable in the areas that the Plaintiff had indicated it would question her nor informed and prepared by other County employees to enable her to give adequate responses during her deposition. As a sanction for this discovery violation, the Plaintiff moves the Court to limit the County, both in the context of any motion for summary judgment and at trial, from producing any witness on the subjects of that deposition who is more knowledgeable than Ms. Evans was on those subjects and from introducing any evidence on matters that were the subjects of the Rule 30 (b)(6) deposition if that information was not known to Lori Evans, on the basis that if there were such a person, that person should have testified as the Rule

30(b)(6) deponent, or at minimum such evidence should have been made available to Ms. Evans to educate her on the specified topics prior to her deposition.

In the alternative, as a lesser sanction, the Plaintiff asks the Court to compel the County to designate additional witnesses who will be able to answer questions on the designated topics. The Plaintiff also seeks to be reimbursed for the costs, including reasonable attorney fees, associated with the County's failure to provide an adequate witness in response to the Rule 30 Notice.

## Statement of Facts

Counsel for the Plaintiff has submitted a detailed declaration that delineates many of the questions that Ms. Evans was unable to answer and refers the Court to that declaration, as the facts are too numerous to repeat in full here. Below is a summary of the facts that form the basis of this dispute.

**Parties are Unable to Resolve the Dispute**

Plaintiff's counsel believes that the parties are at an impasse and require a ruling from the Court to resolve this disputed issue. Plaintiff's counsel has detailed the discussions that the parties have had following Ms. Evans' deposition, and the parties' respective positions are polar opposites of each other. (Declaration of Jeff Scott Olson, ¶¶ 75-78 and attached exhibits)

**Information Sought in the Rule 30 Deposition**

The five areas designated in the Notice of Deposition as topics for County representative in the Rule 30(b)(6) deposition were:

1. The contract between Green Lake County and HPL and/or CHC for provision of health care and mental health care of inmates at Green Lake County Jail (and whether it provides adequate care) in 2010- 2012;

2. the Green Lake County Jail Policy in 2010 – 2012 (and whether it provides adequate care);

3. training correctional staff to observe the terms of the contract and the policy in order to provide adequate care in 2010 – 2012;

4. training the correctional staff on how to perform an in-depth suicide assessment in 2010-2012; and

5. day-to-day oversight of all of the above in 2010 – 2012.

(Olson Declaration, ¶ 23 and Exhibit D) Counsel for the Plaintiff has detailed the significance that these topics have in developing Plaintiff's Monell claim against the County. (Olson Declaration, ¶¶ 2 - 22)

**The Witness the County Proffered was not Knowledgeable about the Subjects upon Which Questions were Posed**

The witness whom the County presented for questioning as its representative was not someone who had ever worked at the jail, but rather the Administrative Assistant to the Sheriff, Lori Evans. (Olson Declaration, ¶ 25) Ms. Evans was unable to answer *any* questions about the training of correctional officers, which comprised two of the five designated topics (nos. 3 and 4, as noted above). (Olson Declaration, ¶¶ 29, 47-

63) She was also unable to answer any questions about County oversight of inmate care (topic # 5). (Olson Declaration, ¶¶ 64-69)

Ms. Evans was not able to answer questions about whether the contract that Green Lake County had with private medical care providers HPL/CHC provided adequate care for the inmates (part of topic # 1). (Olson Declaration ¶¶ 70-74) Ms. Evans was able to answer some of the questions about the County's Suicide Prevention Policy (topic # 2), but there were many questions she was unable to answer on this issue, especially those that related to the subject most pertinent to this lawsuit: the in-depth suicide risk assessment that the policy requires correctional officers to administer. (Olson Declaration ¶¶ 16, 32-36, 38-46 and Exhibit A)

## Legal Analysis

Rule 30(b)(6) authorizes a party that is seeking discovery from an entity to designate "with reasonable particularity the matters on which examination is requested," *id.,* thereby requiring the entity to designate one or more representatives to testify on its behalf by answering questions regarding the subjects described. *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prod., LLC*, No. 09-C-0916, 2011 WL 3880787, at *1 (E.D. Wis. 2011). The Rule requires that "the persons so designated shall testify as to matters known or reasonably available to the organization." *Id .*

"Thus, the practical effect of serving a Rule 30(b)(6) notice is to place a duty upon the business entity to designate an individual to testify on behalf of the corporation who has knowledge responsive to subjects requested in the Rule 30(b)(6) requests of its opponents ." *Sanyo Laser Products Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502–03 (S.D. Ind. 2003) (internal quotes and citations omitted). The rule is designed to prevent business entities from "bandying," which is the practice of presenting employees for their deposition who disclaim knowledge of facts that are known by other individuals within the entity. *Id.*, citing *Hooker v. Norfolk Southern Ry. Co.*, 204 F.R.D. 124, 126 (S.D.Ind.2001). *See also* Fed.R.Civ.P. 30(b)(6) Advisory Committee's Note (bandying is the practice "by which officers or managing agents of a corporation [or government agency] are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it.").

The duties imposed by the rule do not stop with the designation of the appropriate person or persons. Rule 30(b)(6) imposes "an affirmative duty on the organization to prepare the designated person or persons so that they can give full, complete, and non-evasive answers to the questions posed." *Leach Farms, Inc. v. Ryder Integrated Logistics, Inc.*, No. 14-C-0001, 2015 WL 348238, at *1 (E.D. Wis. 2015). The entity is obligated to "make a conscientious good faith effort" to designate a person with knowledge on the topics listed in the Notice of Deposition and to "prepare those persons in order that they can answer fully, completely, unevasively, the questions

5

posed." *Aldridge v. Lake Cty. Sheriff's Office,* No. 11 C 3041, 2012 WL 3023340, at *4 (N.D. Ill. 2012). Rule 30(b)(6) also requires the entity to produce a person or persons to testify to *all matters known or reasonably available* to it and thus it "implicitly requires such persons to review all matters known or reasonably available to it in preparation for the Rule 30(b)(6) deposition." *Alloc, Inc. v. Unilin Decor N.V.,* No. 02-C-1266, 2006 WL 2527656, at *2 (E.D. Wis. 2006)(emphasis supplied). This is necessary "to prevent the 'sandbagging' of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial" which would "totally defeat the purpose of the discovery process." *Id.* See also *Beloit Liquidating Trust v. Century Indem. Co.,* No. 02 C 50037, 2003 WL 355743, *2 (N.D. Ill. 2003). ("Thus, Rule 30(b)(6) imposes a duty upon the business entity to perform a reasonable inquiry for information and prepare the selected deponent to adequately testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know.")

When a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), "[p]roducing an unprepared witness is tantamount to a failure to appear" and that is sanctionable under Rule 37(d). *Lincoln Diagnostics, Inc. v. Panatrex, Inc.,* No. 07-CV-2077, 2009 WL 395793, at *7–8 (C.D. Ill. 2009), quoting *Black Horse Lane, v. Dow Chem. Corp.,* 228 F.3d 275, 304 (3rd Cir. 2000).

6

The court enjoys broad discretion when deciding whether to award sanctions under Rule 37. *Shine v. Owens–Illinois, Inc.*, 979 F.2d 93, 96 (7th Cir. 1992)(citations omitted). Rule 37(d) allows a court to impose a variety of sanctions for a party's failure to comply with Rule 30(b)(6), including the preclusion of evidence. *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 542–43 (D. Nev. 2008); *see also S.E.I.U. Local No. 4 Pension Fund v. Pinnacle Health Care of Berwyn LLC*, 560 F.Supp.2d 647, 651 (N.D. Ill. 2008).

At a minimum, the County should be ordered to proffer additional witnesses who can answer the questions on the topics submitted by Plaintiff, and to pay attorneys' fees and costs. "If the deponent is unable to answer questions about certain relevant areas of inquiry then the business entity must designate additional parties to satisfy a Rule 30(b)(6) notice." *Beloit Liquidating*, 2003 WL 355743 at * 2.

But the egregiousness of the County's failure, here, and its intransigence, seem to call for firmer measures than awarding it a "do-over." Where the defense representative witness was unprepared to answer questions at a deposition, one circuit court limited the defendant to the answers testified to by its 30(b)(6) witness. *Aldridge v. Lake Cty. Sheriff's Office*, No. 11 C 3041, 2012 WL 3023340, at *5 (N.D. Ill. 2012). That seems the most reasonable sanction to address the County's dereliction in this case. The County had the opportunity to present a witness or witnesses who were familiar with whatever

7

process of oversight is in place to ensure that correctional staff are properly trained and are implementing the suicide risk prevention procedures mandated by the County's policy, and that the inmates are receiving adequate care – these issues are at the heart of the Monell claim.

It is somewhat chilling that the County has declined the Plaintiff's informal request that it agree simply not present any witness who has more knowledge on the designated topics than Ms. Evans did – its refusal implies that there are such witnesses, and that the County is planning to use them in support of a motion for summary judgment or at trial. This is exactly the kind of sand-bagging that Rule 30 was designed to prevent.

Dated this 15th day of May, 2018

Respectfully submitted,

Estate of Ryan Clark, Plaintiff, By

ATTORNEYS FOR PLAINTIFF
THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
ANDREA J. FARRELL
State Bar Number 1064773
131 W. Wilson St., Suite 1200
Madison, WI 53703
Phone    608 283 6001
Fax    608 283 0945
E-mail    jsolson@scofflaw.com

8

/s/ *Jeff Scott Olson*
_____
Jeff Scott Olson

**Certificate of Service**

I hereby certify that on Tuesday, May 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Charles H. Bohl, Timothy H. Posnanski, Andrew A. Jones, Kurt M. Simatic, W. Patrick Sullivan, and Joffrey K. Van Nostrand, counsel for the Defendants, and that I have mailed the document by United States Postal Service to the following non ECF participants: Judge Lynn Adelman

\_\_/s/ Jeff Scott Olson